IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BOHIO7, LLC** | : | |
| 1920 L Street, N.W. | : | |
| Suite 200 | : | |
| Washington, D.C. 20036 | : | |
| | : | |
| **Plaintiff,** | : | **Case No.** |
| | : | |
| **vs.** | : | |
| | : | |
| **1737 H STREET, LLC** | : | |
| 1420 Beverly Road | : | |
| McLean, Virginia 22101 | : | |
| **SERVE: CT Corporation, Registered Agent** | : | |
| 1015 15ᵗʰ Street, Suite 1000 | : | |
| Washington, D.C. 20005 | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## COMPLAINT FOR SPECIFIC PERFORMANCE

Plaintiff Bohio7, LLC, by and through its counsel, hereby files its Complaint for Specific Performance against Defendant 1737 H Street, LLC. For its Complaint, Plaintiff states as follows:

### I.      PARTIES AND JURISDICTION

1.      Plaintiff Bohio7, LLC ("Buyer") is a Delaware limited liability company authorized to transact business in the District of Columbia with a business address located at 1920 L Street, N.W., Washington, D.C. 20036.

2.      The Buyer's sole member is Daily Caller, Inc., a Delaware corporation whose principal place of business is in the District of Columbia.

3.      The Buyer is a citizen of the District of Columbia and Delaware for purposes of determining diversity jurisdiction.

4.      Defendant 1737 H Street, LLC ("Seller") is Delaware limited liability company with a business address of 1420 Beverly Road, Suite 310, McLean, Virginia, 22101.

5.      The sole member of Seller is Aeolos Investments Limited, a Bermudan company, with a principal business office located at 22 Victoria Street, Hamilton HM 12, Bermuda.

6.      The Seller's principal place of business where Seller's member and its officers direct, control, and coordinate their activities is either Virginia or Bermuda, and Seller is a citizen of either Virginia or Bermuda for purposes of determining diversity jurisdiction.

7.      Thus, there is complete diversity of citizenship between the Seller and Buyer.

8.      This dispute involves real estate located in the District of Columbia which has a value in excess of Seventy-Five Thousand Dollars ($75,000.00).

9.      This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(3).

10.     Venue is proper before this Court pursuant to 28 U.S.C. §(b)(2).

## II.      STATEMENT OF CASE

11.     The allegations contained in paragraphs 1 through 9 are hereby incorporated and adopted by reference.

12.     The Seller is the owner of the real property designated as Lot 40 in Square 127 in the land records for the District of Columbia located at 1737 H Street, N.W., Washington, D.C. ("Land") and the improvements on the Land ("Improvements"). The Land and Improvements are collectively referred to as the "Real Property".

13.     The Improvements on the Land is an office building consisting of four (4) floors and a basement, containing approximately 19,770 square feet ("Office Building").

14.     As of the date this Complaint is filed the Office Building is vacant and not occupied by the Buyer.

15.     Below is a photograph of the Office Building.



16.     The Seller and Buyer entered into a Purchase and Sale Agreement, dated September 3, 2019 ("Agreement"), wherein the Buyer agreed to purchase, and the Seller agreed to sell, the Real Property for a purchase price of Eight Million Dollars ($8,000,000.00) ("Purchase Price").

17.     In addition to the Real Property being sold under the Agreement, the Buyer agreed to purchase, and the Seller agreed to sell, the "Personal Property" associated with the Real Property as defined in §1.2 of the Agreement.

18.     A true and accurate copy of the Agreement is attached hereto as Exhibit No. 1.

19.     Pursuant to §2.3 of the Agreement the closing was to occur on September 30, 2019 ("Closing").

20.     The Closing was to be conducted by Terra Nova Title & Settlement Services ("Settlement Agent") located at 1211 Connecticut Avenue, N.W., Suite 401, Washington, D.C. 20036.

21.     Pursuant to §10.2.1 of the Agreement, the Seller agreed to pay the transfer tax incident to the transfer of the Real Property ("Transfer Tax").

22.     Pursuant to §10.2.2 of the Agreement, the Buyer agreed to pay the recordation tax and deed of trust recordation tax incident to the transfer of the Real Property (collectively the "Recordation Tax").

23.     It was agreed that the Closing would occur before October 1, 2019 in order to avoid the expense of the increase in the Transfer and Recordation taxes from 2.9% to 5% that went into effect on October 1, 2019.

24.     Had the Closing occurred on September 30, 2019 the Buyer would have been required to pay $132,765.63 for the Recordation Tax.

25.     The Buyer was ready, able and willing to proceed with and consummate the Closing on September 30, 2019 and had delivered to the Settlement Agent by that date the

"Buyer's Closing Deliveries" as required by §9.2 of the Agreement in order to perform its obligations under the Agreement.

26.     In preparation for the Closing on September 30, 2019 the Buyer incurred certain expenses in anticipation of the Closing occurring on that date and being able to move into the Property, which expenses have been forfeited due to the Seller's failure to proceed with the Closing.

27.     Pursuant to §9.1.1 of the Agreement, at the Closing scheduled for September 30, 2019 the Seller was required to execute a Deed "conveying to Buyer title to the Real Property, free from all liens, encumbrances, easements, conditions and other matters affecting title except the Permitted Exceptions".

28.     Pursuant to §3.6.2 of the Agreement, at the Closing scheduled for September 30, 2019 the Seller was obligated to convey to Buyer title to the Real Property free and clear of the "Mandatory Cure Items" defined in the Agreement as follows:

> All deeds of trust, mortgages, judgment liens, and other monetary liens (including, but not limited to, UCC-1 Financing Statement No's 20181442009 and 20181022301 filed by Spectrum Origination LLC, against 1737 H Street, LLC) and all mechanic's and materialmen's liens filed (but excluding all liens caused by acts of Buyer or its agents, employees, contractors or representatives) are deemed to be objections that Seller shall be obligated to Cure at or prior to Closing. Buyer shall have the right to apply a portion of the Purchase Price to Cure such monetary liens at Closing. ["Mandatory Cure Items"].

29.     The Seller, without just cause and in breach of its obligations under the Agreement, failed to proceed with the Closing on September 30, 2019 and did not deliver to the Buyer the Deed required by the Agreement along with the other "Closing Deliveries" as required by §9.1 of the Agreement.

30.     Section 12.2 of the Agreement, entitled "Buyer's Remedies", provides in pertinent part that "[if] Seller defaults in its obligation to close under this Agreement" the Buyer may "bring an action for specific performance of Seller's obligations under this Agreement."

31.     At such time when the Seller is required to perform under the Agreement and convey to the Buyer title to the Real Property, the Buyer will incur increased expenses at Closing due to the increase in the Recordation Taxes that went in effect on October 1, 2019 in the amount of $96,140.62.

32.     Pursuant to §16.16 of the Agreement, entitled "Legal Fees", the prevailing party is entitled to recover its attorney fees from the non-prevailing party in any legal proceeding arising out of or related to the Agreement.

33.     The Buyer performed all condition precedents under the Agreement.

## COUNT I
### (Specific Performance)

34.     The allegations contained in paragraphs 1 through 33 of the Complaint are incorporated and adopted by reference herein.

35.     The Seller has breached and is in default of the Agreement for failure to consummate the Closing on September 30, 2019 by executing the Deed required by the Agreement and delivering the Closing Deliveries required by the Agreement.

36.     The Buyer at all times was ready, able, and willing to proceed with the Closing on September 30, 2019 and had tendered to the Settlement Agent all of the Buyer's Closing Deliveries required by the Agreement.

37.     The Buyer is entitled to an order of specific performance compelling the Seller to transfer the Personal Property to the Buyer and to convey title to the Real Property to the Buyer by executing the Deed specified under the Agreement transferring the Real Property to the Buyer free and clear of all free from all liens, encumbrances, easements, conditions and other matters affecting title except the Permitted Exceptions, including but not limited to, the removal of all Mandatory Cure Items.

38.     Buyer is entitled to an adjustment in the Purchase Price equal to the increase in Recordation Taxes that went into effect on October 1, 2019 in the amount of $96,140.62 and such other expenses that were incurred in anticipation of the Closing occurring on September 30, 2019 which expenses have been forfeited as a result of the Closing not occurring on September 30, 2019.

**WHEREFORE**, Plaintiff Bohio7, LLC requests that the Court enter the following relief:

A.      Entry of an order of specific performance compelling Defendant 1737 H Street, LLC to convey to Plaintiff Bohio7, LLC fee simple title to the Land designated as Lot 40 in Square 127 in the land records for the District of Columbia and the Improvements thereon located at 1737 H Street, N.W., Washington, D.C., in accordance with the terms of the Sales Contract by executing the Deed specified in the Agreement and convey title free from all liens, encumbrances, easements, conditions and other matters affecting title (except any Permitted Exceptions) including the removal of the Mandatory Cure Items set forth in §3.6.2 of the Agreement;

B.      Entry of an order of specific performance compelling Defendant 1737 H Street, LLC to transfer to Plaintiff Bohio7, LLC the Personal Property as defined in §1.2 of the Agreement;

C.      Order and direct that the Purchase Price to be paid by Plaintiff Bohio7, LLC to Defendant 1737 H Street, LLC in exchange for the Real Property and Personal Property be reduced by $84,000.00 due to the increase in Recordation Taxes and such other expenses that were incurred in anticipation of the Closing occurring on September 30, 2019 which expenses have been forfeited due to the failure to proceed with the Closing.

D.      Order that Defendant 1737 H Street, LLC pay to Plaintiff Bohio7, LLC its reasonable attorney fees and costs incurred in this matter and direct that such attorney fees and costs be deducted from the Purchase Price to be paid by the Plaintiff Bohio7, LLC to Defendant 1737 H Street, LLC in exchange for the Real Property and Personal Property;

E.      Such additional relief as necessary in order effectuate a transfer and sale of Real Property and Personal Property from Defendant 1737 H Street, LLC to Plaintiff Bohio7, LLC in accordance with the terms of the Agreement; and

F.      Such other relief the Court deems just and appropriate.

Respectfully Submitted,

*/s/ Bradshaw Rost*
Bradshaw Rost, Esq., Bar #376064
Tenenbaum & Saas, P.C.
4504 Walsh Street, Suite 200
Chevy Chase, MD 20815
(301) 961-5300 – Phone
(301) 961-5305 – Fax
brost@tspclaw.com
*Counsel for Plaintiff Bohio7, LLC*